# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00086-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT CRAIG GOURLAY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Motion for Early Release from Supervised Probation. [Doc. 39].

On November 1, 2011, the Defendant pleaded guilty pursuant to a written plea agreement to one count of misapplication of bank funds by a bank officer, and aiding and abetting the same, in violation of 18 U.S.C. §§ 656 and 2, and one count of money laundering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1957 and 2. The Defendant was sentenced on November 26, 2013, to a term of 15 months' imprisonment and three years of supervised release. [Doc. 24]. The issue of restitution was deferred pending further hearing. On February 24, 2014, the Court entered

an Amended Judgment ordering the Defendant to pay a total of $6,237,453,37 in restitution. [Doc. 36].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. For grounds, the Defendant states that he has complied with all the terms of supervision. [Doc. 39].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). While the conduct of the Defendant during the period of supervised release appears to have been exemplary, he does not state any grounds on which the interests of justice would call for the termination of supervision. The Defendant still has a significant outstanding restitution obligation, to which only minimal payments have been made. Upon careful consideration of the record, the Court is not satisfied that termination of the Defendant's term of supervised release is warranted. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Early Release from Supervised Probation [Doc. 39] is **DENIED**.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: May 4, 2017

Martin Reidinger
United States District Judge